IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter of<br><br>WORLDNET TELECOMMUNICATIONS, INC.<br><br>and<br><br>PUERTO RICO TELEPHONE COMPANY, INC. | Civil No. 12-1683 (GAG)<br><br>RE: PETITION FOR ADMISNISTRATIVE REVIEW REMOVED FROM THE COURT OF APPEALS OF THE COMMONWEALTH OF PUERTO RICO, Case No. KLRA 2012-00669 |

## MOTION TO REMAND

**TO THE HONORABLE COURT**:

COMES NOW Puerto Rico Telephone Company, Inc. ("PRTC"), specially appearing and without submitting to the jurisdiction or venue of this Court and, through the undersigned counsel, respectfully states and prays:

**I.   INTRODUCTION**

On May 23, 2012 PRTC filed a Declaratory Judgment Action against WorldNet Telecommunications, Inc. ("WorldNet") before the Telecommunications Regulatory Board of Puerto Rico (the "Board"). **Exhibit 1**.[1] On August 6, 2012, after the Board ruled against PRTC's

---

[1] The instant Motion to Remand is premised, among other grounds, on the Court's lack of subject matter jurisdiction. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194-1195 (2010). Hence, the pleading attached herein as Exhibit 1, which was originally filed before the Board, is properly before the Court on a motion to remand. See, Romano v. Kazacos, 609 F.3d 512, 520 (2d Cir. 2010) ("…if subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings… [including] documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis."). In fact, the attached Exhibit is part of the record before the state court, and should have been filed by the Board in support of its notice of removal, as required by 28 U.S.C. §1446(a). In order to comply with Local Rule 5(g) of this District, PRTC requests

request, PRTC filed a timely Petition for Administrative Review of the Board's determination before the Court of Appeals of the Commonwealth to Puerto Rico, Case No. KLRA 2012-00669. See Docket No. 1-1.

On August 21, 2012, the Board, a **non-party to the declaratory judgment action** filed by PRTC against WorldNet, filed a Notice of Removal pursuant to 28 U.S.C. §1441(a), seeking the removal of Case No. KLRA 2012-00669 to this Court. Docket No. 1. In support of said Notice, the Board merely stated that this Court had subject matter jurisdiction pursuant to 28 U.S.C. §1331 "because PRTC has previously maintained that federal district courts have subject matter jurisdiction over a complaint challenging a state commission decision interpreting an interconnection agreement." Id. at 2. The Board did not specify, however, which federal statute supposedly supports jurisdiction over the matter in this case.

The instant action should be remanded to the Court of Appeals for the Commonwealth of Puerto Rico for the following reasons. First, the Board lacks standing to remove this case, as a removal may only be filed by the defendant(s) joined in the action by the plaintiff and the only defendant in this case is WorldNet. Second, the Notice of Removal suffers from several defects warranting remand, such as lack of consent from WorldNet and failure to file the complete record with the required certified translations. Finally, neither the four corners of PRTC's Declaratory Judgment Action nor the four corners of the Petition for Administrative Review state a federal claim and hence this Court lacks subject matter jurisdiction over this action.

II.  **ARGUMENT**

    A.  **Factual and procedural background**

Section 251 of the Federal Telecommunications Act of 1996 ("Communications Act"),

---

a period of 15 days to file a certified translation of the attached Exhibit.

47 U.S.C. §251, facilitates entry by competitive local exchange carriers ("CLECs") to the local markets (entering competitors such as WorldNet) through the resale and/or leasing of certain facilities of the incumbent local exchange carriers ("ILECs"), such as PRTC. Docket No. 1-1 at 14. Among the obligations imposed by the Communications Act is the duty to provide a direct or indirect interconnection with other telecommunications exchange carriers for the transmission and routing of telecommunications service. Id.; 47 U.S.C. §251(a)(1).

### 1. PRTC and WorldNet Interconnection Agreement

On November 10, 2010 PRTC and WorldNet signed an Interconnection Agreement ("ICA") to offer telecommunications service and facilities as set forth in Sections 251 and 252 of the Communications Act, 47 U.S.C. §§ 251-252, and Law No. 213 of September 12, 1996, the Telecommunications Law of Puerto Rico. Docket No. 1-1 at 13. This ICA reflects both provisions that were negotiated and agreed upon by PRTC and WorldNet and provisions that were imposed by the Board in the context of an arbitration proceeding entitled In re WorldNet Telecommunications, JRT-2010-AR-0001, hereinafter referred to as the PRTC-WorldNet Arbitration Case. Id. Pursuant to Section 252(e)(6) of the Communications Act, both parties sought judicial review of certain of the Board's determinations in the PRTC-WorldNet Arbitration Case, which cases remain pending before this Court, see Civil Cases Nos. 11-1152; 11-1202.

### 2. The September 12, 2011 Order issued by the Board in the context of a request for arbitration of liquidated damages claim pursuant to Section 24 of the General Terms and Conditions of the ICA.

After the ICA came into effect, a dispute arose between PRTC and WorldNet as to the application of Section 24 of the General Terms and Conditions ("Section 24") of the ICA, which sets forth a dispute resolution procedure for liquidated damages claims. In response to a request

for arbitration of liquidated damages filed by WorldNet pursuant to Section 24 of the ICA, on September 12, 2011 the Board issued an *Order in Response to WorldNet's Request for Mediation*, in which it attempted to modify *ex post facto* the scope of Section 24 of the ICA and opened the doors for the filing liquidated damages claims before the American Arbitration Association. PRTC sought judicial review of that determination before this Court. See Case No. 11-2263, Docket No. 1; Docket No. 1-1 in this case, at 20 n. 12. Among other things, PRTC claimed that the Board's determination was contrary to applicable federal law (including the Communications Act and the Due Process Clause of the United States Constitution) and *ultra vires* and sought injunctive relief. That case remains pending before this Court.[2]

### 3. PRTC Declaratory Judgment Action

On May 23, 2012, and while the proceedings before this Court remained pending, PRTC filed before the Board a Declaratory Judgment Action against WorldNet that sought relief under Puerto Rico law and did not set forth any federal claims. **Exhibit 1**. The only defendant to this separate and independent action is WorldNet. Id. Instead, PRTC asked the Board to issue a declaratory judgment pursuant to Rule 59 of the Puerto Rico Rules of Civil Procedure and to interpret the ICA pursuant to Art. 1233 of the Civil Code of Puerto Rico and Section 1.1 of the ICA, which establishes that interpretation of said contact will be premised exclusively on the language included in the same. Docket No. 1-1 at 23. Critically, and in contrast with Case No. 11-2263, the Declaratory Judgment Action filed by PRTC does not claim violations of Sections 251 and 252 of the Communications Act or the United States Constitution. Id.; **Exhibit 1**.

WorldNet, **the only defendant in the Declaratory Judgment Action**, was served pursuant to the Regulations 6.2(d) and 7.3(a). of the Board. See, Regulation No. 7848; **Exhibit 1**

---

[2] The request for injunction filed by PRTC turned moot in light of the settlement of the parties' differences outside of arbitration. However, the remaining claims are still active. Docket No. 1-1 at 20 n. 12.

at 13.³ On July 6, 2012 the Board issued an Order denying PRTC's request for declaratory relief. Docket No. 1-1 at 9-10. On August 6, 2012, PRTC timely appealed from said Order to the Court of Appeals of the Commonwealth of Puerto Rico, pursuant to Arts. 4.002 and 4.006(c) of the Judiciary Act of Puerto Rico, Law No. 201 of August 22, 2003, Sections 4.1, 4.2 and 4.6 of the Puerto Rico Uniform Administrative Procedure Act ("Puerto Rico APA"), 3 P.R. Laws Ann. §§2171 and 2172 and Rule 56 of the Rules of the Puerto Rico Court of Appeals. Id. at 9.

On August 21, 2012 the Board, **a third party to these proceedings**, filed a Notice of Removal before this Court. Docket No. 1. To date, WorldNet, the only defendant in the Declaratory Judgment Action, has not filed a notice of removal of its own or a motion expressly consenting to the removal of this action. See Docket No. 11.

### B.    Standard for removal

A defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). In determining whether removal was appropriate, the threshold question is "whether the case originally could have been filed in federal court." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 162 (1997). The removing defendant has the burden of establishing that removal is proper and any doubts regarding the appropriateness of removal should be resolved against removal. See Rosselló González v. Calderón Serra, 398 F.3d 1, 11 (1st Cir. 2004).

It is well-settled law that "[t]he presence or absence of federal-question jurisdiction⁴ is

---

³ WorldNet did not file a pleading in the Declaratory Judgment Action, even though it was properly served, as evidenced by its appearance in these proceedings.

⁴ The Board does not appear to be claiming that this Court has diversity jurisdiction over this case.

governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First National Bank, 299 U.S. 109, 112-113 (1936)). To meet the well-pleaded complaint rule, "the plaintiff's well-pleaded complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. Of Environmental Management, 585 F.3d 42, 48 (1st Cir. 2009). Federal question jurisdiction exists "only when the plaintiff's statement of his own cause of action shows that it is based on [federal law]." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); see also, BBVA Sec. v. Cintrón, 2012 U.S. Dist. LEXIS 77254, 7-8 (D.P.R. June 4, 2012) (citing these cases). "Jurisdiction may not be sustained on a theory the plaintiff has not advanced." Merrell Dow Pharm, Inc. v. Thompson, 478 U.S. 804, 809 n. 6 (1986). Hence "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense, or rest upon an actual or anticipated counterclaim." Vaden, 556 U.S. at 60 (citation omitted). The well-pleaded complaint rule applies to the removal of an appeal of an administrative ruling. City of Chicago, 522 U.S. at 163-164 ("An appeal of an administrative ruling to a state court is removable to a federal district court so long as the complaint to the state court presents a well-pleaded claim arising under federal law.").

    **C.    The Board lacks standing to remove this action.**

28 U.S.C. 1441(a) provides in part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**." (Emphasis added.) 28 U.S.C. 1446(a) also makes reference to the filing of a notice of removal by "[a] defendant or defendants desiring to remove any civil

action from a State court."

In this regard, it is well-settled that "a non-party -- even one that [] claims to be a real party in interest -- has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal 'by the defendant or defendants.'" American Home Assur. Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296, 298-299 (S.D.N.Y. 1999) (collecting cases); see also Sheppard v. Sheppard (In re Notice of Removal Filed by Einhorn), 481 F. Supp. 2d 345, 348 (D.N.J. 2007) ("To interpret 'defendant' [in Section 1441] to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff.").

"It is, therefore, unquestionable that one seeking to remove an action from a state court to a federal court must not only be a defendant in the action but also hold the status of a party therein." Kane v. Republica De Cuba, 211 F. Supp. 855, 856 (D.P.R. 1962). A "party" to an administrative proceeding in Puerto Rico is one whose rights and obligations could be affected by the agency's decision. Junta de Planificación v. Frente Unido Pro Defensa del Valle de Lajas, 165 D.P.R 445, 464 (2005). In this case, the only parties to the Declaratory Judgment Action are PRTC (plaintiff) and WorldNet (defendant). **Exhibit 1**. Only those parties' rights and obligations could be affected by the Board's decision and only WorldNet could have removed this case within the statutory 30-day period, 28 U.S.C. §1446(b), which it did not do. The Board is clearly not a party to the Declaratory Judgment Action, but the **forum** before which PRTC brought its state law claims. Since the Board does not have standing to remove this action, a proper removal was not perfected within the period provided in Section 1446(b) and this case must be remanded to state court without further ado and regardless of the merits of the notice of removal.

### D. WorldNet did not properly consent to or join in the notice of removal.

"It is well established that all defendants named in the complaint and which have been served must join in the petition for removal" Cintron Parrilla v. Lilly Del Caribe, Inc., 32 F.Supp.2d 35, 38 (D.P.R. 1998) (quotation omitted). Joinder does not have to be simultaneous, but must take place within 30 days of the filing of the removable pleading, in order to satisfy the statutory requirements of 28 U.S.C. §1446(b). Hernández-López v. Puerto Rico, 30 F.Supp.2d 205, 210 (D.P.R. 1998). "The joinder requirement of section 1446 is satisfied [when] one defendant files a singular removal petition, [and] all defendants served on or before the filing of that petition thereafter timely file either their own removal petitions or their joinders in or consents to the original petition." Id.

The United States Court of Appeals for the First Circuit has recognized that there are different views on what constitutes proper consent or joinder of a notice of removal, but has declined to establish a "wooden rule" on what sort of appearance in federal court by a non-removing defendant might satisfy the "unanimity rule," i.e., the requirement that all defendants consent to a removal. See Esposito v. Home Depot U.S.A., 590 F.3d 72, 77 (1st Cir. 2009). In Esposito, the First Circuit held that even if the filing of an answer to the complaint in federal court by the non-removing defendant was not sufficient to satisfy the unanimity requirement, the subsequent filing of an opposition to the motion to remand by said defendant was enough to cure any technical defect in the removal. Id. The First Circuit noted, however, that other courts have held that the filing of an answer to the complaint by a non-removing defendant alone does not satisfy the unanimity requirement, even where such answer explicitly acknowledges the removal of the case to federal court. Id. at 76.

PRTC filed its Petition for Administrative Review on August 6, 2012. Hence, assuming

such Petition was removable, pursuant to Section 1446(b) the time to remove the same expired on September 5, 2012. WorldNet did not file a notice of removal pursuant to 28 U.S.C. 1441, nor has it filed any document before this Court setting forth the bases for this Court's subject-matter jurisdiction, or certifying under Rule 11 of the Federal Rules of Civil Procedure that removal is proper. Since the Board is not even a party to this action and has no standing to remove the case, we respectfully submit that there is simply no removal before this Court and therefore nothing to which WorldNet can consent. In the clear absence of a notice of removal from WorldNet, this case must be remanded to state court for further proceedings.

The filing by WorldNet of its motion for extension of time to formally appear before this Court (Docket No. 11) does not constitute consent to the notice of removal and does not satisfy the unanimity requirement. Although said motion was filed within the statutory 30-day period, and although it acknowledges the fact that the case was removed, it (1) is not a formal pleading; (2) does not expressly state WorldNet's consent to the Board's removal; (3) does not set forth any jurisdictional bases; and (4) does not acknowledge or affirm that removal is proper.[5] The same motion for extension could have been filed before the Puerto Rico Court of Appeals, if this case was still pending there.

"The petitioning defendant bears the burden of establishing compliance with the requirements of the removal statute, including the requirement of the joinder or timely consent of all defendants." Santa Rosa Medical Center, Inc. v. Converse of Puerto Rico, Inc., 706 F. Supp. 111, 114 (D.P.R. 1988) (citation omitted). Further, when the court's subject-matter jurisdiction is contested, "all doubts should be resolved in favor of remand." San Antonio-Trinidad v. Marriott

---

[5] If this Court were to find that WorldNet properly consented to the removal of this action, it should also subject WorldNet to the same sanctions merited by the Board due to the filing of an improper notice of removal.

Case 3:12-cv-01683-GAG-SCC   Document 16   Filed 09/10/12   Page 10 of 14
10

P.R. Mgmt. Corp., 773 F. Supp. 2d 244, 248 (D.P.R. 2011) (quotation omitted). The filing by WorldNet of a motion for extension of time does not meet the unanimity requirement. In light of the fact that the Board lacks standing to remove this action, such failure is incurable. The case must be remanded.

> E. **The Board has failed to file the relevant pleadings with its Notice of Removal and certified translations of all Spanish language documents.**

28 U.S.C. §1446(a) requires the removing party to file a notice of removal "together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action." Further, Local Rule 5(g) of this District provides that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts."

The First Circuit has held that, in some cases, a defendant's failure to provide the district court with certified translations, or even original Spanish language versions of the motions filed in the Puerto Rico court "could be fatal to removal." Hoyos v. Telecorp Communs., Inc., 488 F.3d 1, 4 n. 2 (1st Cir. 2007). This Court has found a notice of removal to be procedurally defective for failure to include a complete record, including certified translations of the relevant pleadings. See, First Bank P.R. v. Swift Access Mktg., 2009 U.S. Dist. LEXIS 107600 (D.P.R. Nov. 18, 2009).

The removed pleading in this case, PRTC's Petition for Administrative Review, is a document that contains about 1247 pages of exhibits or appendixes, some in the English language and some in the Spanish language. The Board has not filed a copy of said documents, even in their original Spanish version. Nor did the Board file a **certified** English translation of the only document it did file before the Court, as required by Local Rule 5(g). See Docket No. 1-

1 at 34.

The Board has not requested leave to file the complete pleading or the required certified English translations and allowed the 30-day period to perfect removal to expire without doing so. Hence, even if removal is otherwise proper, the Board's notice is procedurally defective and the case must be remanded pursuant to 28 U.S.C. 1447(c). See First Bank P.R., *supra*; see also Mojica v. Nogueras-Cartagena, 573 F. Supp. 2d 520, 524 (D.P.R. 2008).

### F.     This Court lacks subject-matter jurisdiction over PRTC's claims.

The Supreme Court has enumerated the policies embodied in the well-pleaded complaint rule: "that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-399 (1987). It is settled that a defensive argument involving a federal question does not overcome these policies and does not create federal jurisdiction when the same does not stem from the four corners of the complaint. Id.

There, the original pleading filed by PRTC against WorldNet before the Board (**Exhibit 1**) does not state a federal cause of action, nor does it present a substantial and disputed question of federal law that would make the case removable based on original subject-matter jurisdiction under 28 U.S.C. §1331. Nor does PRTC's Petition for Administrative Review set forth any question of federal law that would give this Court subject-matter of jurisdiction under 28 U.S.C. § 1331. Hence, it is evident that in this case there was no original subject-matter jurisdiction over the action filed before the Board.

Perhaps aware of this fatal lack of subject-matter jurisdiction under § 1331, in its Notice of Removal the Board does not explain where this Court's jurisdiction may lie. The only

jurisdictional statement made by the Board is to the effect that "This Court has original diversity [sic][6] jurisdiction over the Civil Action under 28 U.S.C. §1331 because PRTC has previously maintained that federal district courts have subject matter jurisdiction over a complaint challenging a state commission decision interpreting an interconnection agreement." Docket No. 1 at 2. The Board has the burden of establishing subject matter jurisdiction and all doubts must be solved in favor of remand. San Antonio-Trinidad, 773 F.Supp.2d at 248. The Board also has the duty to certify under Rule 11 that the grounds for removal are proper. See, 28 U.S.C. §1446(a). Under the well-pleaded complaint rule, the fact that the Board is alleging that PRTC may have filed other actions alleging original federal question jurisdiction does not automatically make this action removable, if a federal cause of action is not contained in the four corners of complaint. The Declaratory Judgment Action in this case was filed pursuant to Rule 59.1 of the Puerto Rico Rules of Civil Procedure and seeks a declaration of the rights of the parties pursuant to the ICA and Art 1233 of the Civil Code of Puerto Rico. Docket 1-1 at 12; **Exhibit 1** at 10-12. The Order of the Board was appealed to the Court of Appeals of Puerto Rico pursuant to Puerto Rico's Judiciary Act. Docket No. 1-1 at 9. Simply stated, the instant controversy is a matter of state law and the Board has not met its burden to show otherwise.

To the extent that the Board may be arguing that subject-matter jurisdiction lies under §252(e)(6) in this case, such an argument would do little to help the Board's cause. This is not a case where PRTC sought judicial review of the actions of the Board in approving or rejecting an interconnection agreement, which determinations are subject to the exclusive jurisdiction of federal courts, *see* 47 U.S.C. 252(e)(4) ("No State court shall have jurisdiction to review the

---

[6] It is evident that the Board meant to say that the court had original "federal question" jurisdiction over the action, given its subsequent reference to Section 1331. In the alternative, and for the reasons stated above, if the Court had original diversity jurisdiction, which is denied, the right to remove was waived as the original action (which to date only involves only one non-diverse defendant) should have been removed on or before June 22, 2012.

action of a State commission in approving or rejecting an agreement under this section."). And while Section 252(e)(6) on its face confers on federal courts authority to review whether a determination by a state commission made under Section 252 "meets the requirements of Section 251 and this section," id. § 252(e)(6), neither the First Circuit nor the Supreme Court have ever held that Section 252(e)(6) by itself confers subject matter jurisdiction to a court to review a state commission's interpretation of an interconnection agreement in the absence of a federal claim under the well-pleaded complaint rule. Cf., e.g., P.R. Tel. Co. v. Sprintcom, Inc., 662 F.3d 74, 87 (1st Cir. 2011) ("Similarly, we issue no opinion as to whether 47 U.S.C. § 252(e)(6) granted authority to the district court for reviewing the Board's interpretation and enforcement of the Agreement."); see also Verizon Md., Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 642 (2002) (expressly declining to decide whether Section 252(e)(6) can be so construed). If anything, the First Circuit has suggested that request for judicial review of an interpretation of an interconnection agreement under § 252(e)(6) that does not set forth a federal claim and only sets forth claims under state law is not reviewable. See P.R. Tel. Co. v. Telecomms. Regulatory Bd., 189 F.3d 1, 13-15 (1st Cir. 1999).

Here, the request for judicial review filed with the Puerto Rico Court of Appeals under Puerto Rico law does not set forth any federal claim under §1331. PRTC specifically invoked Puerto Rico law when it filed its appeal and limited its request to review under principles of Puerto Rico law. Specifically, PRTC asked the Puerto Rico Court of Appeals to hold that the Board's ruling (1) was arbitrary and capricious under the Puerto Rico APA, (2) misapplied the doctrine of the law of the case as interpreted by the Supreme Court of Puerto Rico, and (3) misapplied the Puerto Rico APA in ruling that PRTC's request for declaratory judgment was an untimely motion for reconsideration. PRTC did not invoke federal law, the Constitution of the

United States, or regulations of the Federal Communications Commission in seeking judicial review and requesting the vacatur of the Board's determinations.  Having limited its claims issues of Puerto Rico law and having refrained from asserting federal claims, PRTC cannot be subject to removal under § 1441(a). Cf., Budget Prepay, Inc. v. AT&T Corp., 605 F.3d 273, 279 (5th Cir. 2010) ("…interpretation of the terms of an ICA, even if the ICA terms are intertwined with federal law, is a claim governed by and arising under state law."); Verizon N.Y., Inc. v. Choice One Communs. of N.Y., Inc., 499 F. Supp. 2d 326 (S.D.N.Y. 2007) (remanding a removed action involving the interpretation of an ICA under state law, for lack of subject-matter jurisdiction).

WHEREFORE, Puerto Rico Telephone Company, Inc. respectfully requests that this Honorable Court remand this case to the Court of Appeals for the Commonwealth of Puerto Rico.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 10th day of September, 2012.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all attorneys of record.

**FIDDLER, GONZÁLEZ & RODRÍGUEZ, PSC**
P. O. Box 363507
San Juan, PR  00936-3507
Tel. (787) 759-3258
Fax: (787) 759-3109

**s/ Ricardo L. Ortiz-Colón**
RICARDO L. ORTIZ-COLÓN
USDC-PR No. 219806
E-mail: rortiz@fgrlaw.com

**s/ José Luis Ramírez-Coll**
JOSE LUIS RAMIREZ-COLL
USDC-PR No. 221702
E-mail: jramirez@fgrlaw.com