IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO TELEPHONE
COMPANY, INC.,

Plaintiff,

v.

TELECOMMUNICATIONS
REGULATORY BOARD OF PUERTO
RICO, et al,

Defendants.

Civil No. 12-1683 (GAG)

**OPINION AND ORDER**

On August 6, 2012, the Puerto Rico Telephone Company, Inc. ("Plaintiff" or "PRTC") submitted an appeal to the Puerto Rico Court of Appeals, Judicial Region of San Juan, contesting a decision rendered by the Telecommunications Regulatory Board of Puerto Rico ("Board"). (See Docket 1-1.) The Board's decision concerned interpretation of the terms of an arbitration agreement, into which Plaintiff and WorldNet, Inc. ("WorldNet") entered to resolve disputes over an interconnection agreement ("ICA") (discussed herein). In the present appeal, Plaintiff named the Board and WorldNet (collectively "Defendants"). (Id.) The Board removed the case to federal court on August 21, 2012 pursuant to 28 U.S.C. § 1441. Presently before the court is Plaintiff's Motion to Remand the case to the Puerto Rico Court of Appeals. (Docket No. 16.) After considering the parties' submissions, motions, replies, and attachments thereto, the court **DENIES** Plaintiff's Motion to Remand.

**I.  Background**

The Federal Telecommunications Act of 1996 ("TCA") facilitates entry into local telecommunications markets by competitive local exchange carriers ("CLECs") through the resale or leasing of certain facilities of incumbent local exchange carriers ("ILECs"). See 47 U.S.C. §§ 251-252. WorldNet is a CLEC and PRTC is an ILEC. The TCA also requires ILECs to negotiate the terms of ICAs with CLECs in good faith. See 47 U.S.C. § 251(c)(1). "These agreements provide the terms of interconnection and 'fulfill the duties' enumerated in § 251." See Global NAPs,

**Civil No. 12-1683 (GAG)**

Inc. v. Verizon New England, Inc., 444 F.3d 59, 61-62 (1st Cir. 2006). The TCA imposes on CLECs and ILECs the duty to provide a direct or indirect interconnection with other telecommunications exchange carriers for transmitting and routing telecommunications services. The TCA also grants the right to petition relevant state commissions to resolve issues according to governing FCC-promulgated regulations. (Id. at 61.)

On November 10, 2010, PRTC and WorldNet signed an ICA. Disagreement arose over whether the ICA dictated that arbitration would resolve disputes concerning liquidated damages. (Docket No. 20 at 3.) The parties have thoroughly engaged the arbitration and administrative review processes and inundated the court with a plethora of filings arising from this set of facts. See Civil Case Nos. 11-2263 (JAG), 11-1152 (JAG), and 11-1202 (JAG). The instant claim comes to the court from the Puerto Rico Court of Appeals. PRTC appeals a denial of its request for declaratory judgment, which it presented to the Board on May 29, 2012, and which the Board denied on July 6, 2012. (See Docket 1-1 at 2.) PRTC "requested that the Board decide whether or not WorldNet had the option to file an arbitration case with the AAA in the event of claims for liquidated damages" under the ICA, when the Board "excluded *sua sponte* that option of the ICA, understanding that submitting claims for liquidated damages to an AAA arbitrator could harm the Board's own public policy . . ." (Id.)

PRTC specifically alleges the Board erred by: "(1) arbitrarily and capriciously deciding that Section 29 of the ICA . . . can be used to arbitrate" controversies regarding liquidated damages before the AAA; "(2) incorrectly applying the doctrine of the case law to allow the request for a declaratory judgment from PRTC," and; (3) deciding that the request for a declaratory judgment from PRTC was a late request for reconsideration . . ." (Id. at iii.) The Board removed the appeal to federal court on August 21, 2012.

## II. Discussion

Plaintiff contends remand is appropriate because: (1) the Board is not a defendant for purposes of 28 U.S.C. § 1441; (2) WorldNet neglected to timely consent to removal; (3) WorldNet

**Civil No. 12-1683 (GAG)**

failed to timely file certified English translations of Spanish-language documents, and (4) the court lacks subject matter jurisdiction over the matter. The court addresses each allegation in turn.

### 1. The Board is a Defendant with Standing Under 28 U.S.C. § 1441

Plaintiff first contends that the Board is not a "defendant" under 28 U.S.C. § 1441. The removal statue reads, in pertinent part, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The statute clearly bestows on defendants the right to remove civil actions over which the United States has original jurisdiction.

Plaintiff claims the Board lacks standing because it is not a party to the original dispute arising under the Board's ICA interpretation. (Docket No. 16 at 6-7.) However, Plaintiff, the master of his complaint, specifically names the Board as a defendant in its appeal to the Puerto Rico Court of Appeals. (Docket No. 1-1.) The first page of the appeal labels the Board as a "defending party." (Id.) Without seeking leave to amend, Plaintiff cannot defeat the Board's status as a "defendant." See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 91 (2005) (citing 16 J. Moore et al., Moore's Federal Practice § 107.14[2][c], 107-67 (3d ed. 2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue . . .")).

### 2. WorldNet Timely Consented to Removal

Parties must consent to removal within thirty days of receipt of service. 28 U.S.C. § 1446(b)(2)(B). PRTC asserts WorldNet's thirty day period elapsed on September 5, 2012. (Docket No. 16 at 8-9.) The Board's notice of removal, submitted on August 21, 2012, states, "All defendants to the Civil Action consent to this Removal." (Docket No. 1 at ¶ 7.) WorldNet submitted a motion for extension of time until thirty days after the order to file an "answer and to establish a briefing schedule." (Docket No. 11.) The order requests time to "answer in this removed action," and abounds with indicia of consent to proceed before this court, such as requesting the court to adopt previously used procedures for adjudicating the present issue. (Id.) Furthermore,

**Civil No. 12-1683 (GAG)**

Magistrate Judge Carreno-Coll granted the motion for an extension of time on September 21, 2012, and WorldNet submitted its Notice of Joinder and Consent to Removal on September 21, 2012. (Docket Nos. 21 & 23.) In both form and substance, WorldNet has timely consented to removal. Therefore, because the initial removal notification and motion for extension of time clearly indicate WorldNet's intention to proceed before this court, Judge Carreno-Coll approved the motion for extension of time, and WorldNet complied with the order, WorldNet timely filed consent to removal.

3. <u>WorldNet Filed Certified English Translations</u>

PRTC next claims remand is appropriate because WorldNet neglected to file English translations of Spanish-language documents. Local Rule 5(g) states: "All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." On September 21, 2012, the Board filed a Motion Submitting Documents and Certified Translations, which addresses PRTC's concerns raised in its Motion to Remand. (<u>See</u> Docket No. 19.) Therefore, Defendant's claim is **MOOT**.

4. <u>Subject Matter Jurisdiction Exists</u>

Lastly, PRTC asserts the court lacks subject matter jurisdiction. PRTC claims "the original pleading filed by PRTC against WorldNet before the Board does not state a federal cause of action, nor does it present a substantial and disputed question of federal law that would make the case removable based on original subject-matter jurisdiction." (Docket No. 16 at 11.) Despite relying on Puerto Rico law to support its claims, PRTC's allegations nonetheless raise a federal question by contesting the Board's interpretation of the ICA.

The question of jurisdiction hinges on whether the Board rendered "a determination under [Section 252 of the TCA]" or any other federal law. <u>See</u> 28 U.S.C. § 1331; 47 U.S.C. § 252. In <u>Puerto Rico Tel. Co. v. Telecomms. Regulatory. Bd. of Puerto Rico</u>, the First Circuit stated that a sufficient nexus between the Board's challenged order and the parties' interconnection agreement must exist to confer jurisdiction on a federal court. 189 F.3d 1, 4 (1st Cir.1999). In that case, the

**Civil No. 12-1683 (GAG)**

First Circuit held that Section 252(e)(6) grants jurisdiction for approvals or rejections of interconnection agreements, but that the commission's determinations require a sufficient nexus to the ICAs to sustain jurisdiction under 252(e)(6). Id. at 9-10. In establishing the test, the First Circuit carved out from the adequate nexus requirement a prohibition on jurisdiction for claims exclusively alleging failure to comply with state law provisions. Id. at 10.

The appeal contends the Board erred by: "(1) arbitrarily and capriciously deciding that Section 29 of the ICA . . . can be used to arbitrate" controversies regarding liquidated damages before the AAA; "(2) incorrectly applying the doctrine of the case law to allow the request for a declaratory judgment from PRTC," and; (3) "deciding that the request for a declaratory judgment from PRTC was a late request for reconsideration . . ." (Docket No. 16 at iii.) The Board relies on the plain language of the ICA and Puerto Rico Tel. Co. v. WorldNet Telecommunications, Inc., Civil Case No. 11-2263 (JAG) (Docket No. 41) to support its determination that Section 29 can be used to arbitrate liquidated damages controversies. (Docket No. 19-2 at 38-43.)

Section 252(e)(2)(A)(ii) permits state commissions to reject provisions of ICAs that contradict public policy, convenience, or necessity. In its order, the Board notes that, under Section 252(e)(2)(A), it would have rejected Section 29 when submitted for approval if it violated public policy. (Docket No. 19-2 at 43.) PRTC alleges that the Board arbitrarily and capriciously interpreted Section 29 to create inconsistencies in the arbitration process, thereby violating public policy. (Docket No. 1-1 at 20.) Consequently, a sufficient nexus between the ICA and the Board's order exists. PRTC also claims that the Board "eliminates the alternative to arbitrate...from Section 24." The court does not classify this ruling as either a rejection or an interpretation to distinguish whether to automatically grant jurisdiction. Nexus between the agreement and the Board's order exists. Categorizing the Board's disposition as a determination, approval, or rejection ultimately yields the same result: federal jurisdiction exists. The appeal is the product of a purportedly arbitrary and capricious ruling that Section 29 does not violate public policy, pursuant to the Board's interpretation of its discretion under federal law. Consequently, federal jurisdiction exists. See e.g.,

**Civil No. 12-1683 (GAG)**

Puerto Rico Tel. Co. v. Puerto Rico Telecomms. Regulatory Bd., 2010 U.S. Dist. LEXIS 83781, at *8-9 (D.P.R. Aug. 13, 2010). Lastly, federal courts have resolved whether state commissions have interpreted ICAs arbitrarily and capriciously. See Puerto Rico Tel. Co. v. T-Mobile - Puerto Rico, LLC, 678 F.3d 49, 65 (1st Cir. 2012).

**IV.    Consolidation**

The court grants the Board's Motion to Consolidate, subject to approval by Judge Garcia-Gregory. (Civil Case No. 11-2263, Docket No. 60.)

**V.    Conclusion**

For the abovementioned reasons, the court **DENIES** Plaintiff's Motion to Remand .

**SO ORDERED.**

In San Juan, Puerto Rico this 9th day of October 2012.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge